EDUCATION — NATIVE AMERICAN LANGUAGE The requirement of 70 O.S. 11-102 [70-11-102] (1971), and Article I, Section 5 Oklahoma Constitution, that instruction in the public schools be conducted in the English language except as is necessary for the teaching of other languages, is subject to the duty of federally assisted school systems to provide programs to meet the linguistic needs of pupils entering school unable to speak and understand the English language; Section 70 O.S. 11-102 [70-11-102] and Article I, Section 5
Oklahoma Constitution, do not prohibit the conduct of classes in Native American languages where such languages are taught as subjects. The Attorney General has considered your request for an opinion on the following questions concerning 70 O.S. 11-102 [70-11-102] (1971): "1. Does this statutory language, 'Shall be conducted in the English language', exclude the teaching of basic education courses such as reading, mathematics, etc., in a Native American language? " Are Native American languages considered as 'foreign languages' and therefore may be taught as such in the public schools?" Title 70 O.S. 11-102 [70-11-102] (1971), provides as follows: "Instruction given in the several branches of learning in the public schools shall be conducted in the English language except as is necessary for the teaching of foreign languages." Language similar to that of Section 70 O.S. 11-102 [70-11-102] is found in Article 1, 5, Oklahoma Constitution, which provides in pertinent-part: "Provisions shall be made for the establishment and maintenance of a system of public schools, which shall be open to all the children of the State and free from sectarian control; and said schools shall always be conducted in English: Provided, that nothing herein shall preclude the teaching of other languages in said public schools; . . ." As to your first question, the apparent intention of Section 70 O.S. 11-102 [70-11-102] and Article I, Section 5 is to require instruction to be generally taught in the English language. The only exception expressed relates to the teaching of languages other than English. Your question raises the issue considered by the Supreme Court of the United States in Lau, et al. v. Nichols, et al., 414 U.S. 563, 39 L.Ed.2d 1 j. 94 S.Ct. 786 (1974). In Lau, a class suit was brought by non-English speaking Chinese students against officials responsible for operation of the San Francisco Unified School District seeking relief against alleged unequal educational opportunities. The problem as viewed by the Court was stated as follows: "Under these state-imposed standards there is no equality of treatment merely by providing students with the same facilities, text books, teachers, and curriculum; for students who do not understand English are effectively foreclosed from any meaningful education. "Basic English skills are at the very core of what these public schools teach. Imposition of a requirement that, before a child can effectively participate in the educational program, he must already have acquired those basic skills is to make a mockery of public education. We know that those who do not understand English are certain to find their classroom experiences wholly incomprehensible and in no way meaningful." (Emphasis added.) The Court went on to hold that the San Francisco Unified School District, as a federally assisted school system, was under a duty to establish a program to deal with the linguistic needs of the plaintiffs. The basis for the Court's decision was Section 601 of the Civil Rights Act of 1964, which bans discrimination based "on the ground of race, color or national origin". Under the holding in Lau, all federally assisted school districts in Oklahoma are under an affirmative duty to make remedial efforts by providing bilingual classes or otherwise as necessary to meet the linguistic needs of pupils who enter school unable to speak and understand the English language. Moreover, this duty, having been determined to be required by federal law is a part of the supreme law of the land under Par. 2, Article VI, United States Constitution, and prevails to the extent that it conflicts with 70 O.S. 11-102 [70-11-102] (1971), and Article I, Section 5
Oklahoma Constitution. It should be pointed out, however that the Lau decision dealt with a situation in which a large number of pupils of the district were unable to speak and understand English and the decision should not, therefore, be determinative of the situation involving only a few such pupils. As to your second question, we view the intent of Section 70 O.S. 11-102 [70-11-102] and Article I, Section 5 as making English the basic language for instruction in the Oklahoma Public Schools with recognition of the right to receive instruction in languages other than English. While Section 70 O.S. 11-102 [70-11-102] refers to "foreign" languages, Article I, Section 5 refers to "other languages". We, therefore, interpret such provisions as limiting instruction in Native American languages to classes where such languages are taught as subjects or to special programs discussed in response to your first question. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: The requirement of 70 O.S. 11-102 [70-11-102] (1971), and Article I, Section 5 Oklahoma Constitution, that instruction in the public schools be conducted in the English language except as is necessary for the teaching of other languages, is subject to the duty of federally assisted school systems to provide programs to meet the linguistic needs of pupils entering school unable to speak and understand the English language; Section 70 O.S. 11-102 [70-11-102] and Article I, Section 5, Oklahoma Constitution, do not prohibit the conduct of classes in Native American languages where such languages are taught as subjects. (Joe C. Lockhart)